865 F.2d 269
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph L. SHEHAN, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 88-3295.
 United States Court of Appeals, Federal Circuit.
 Dec. 16, 1988.
 
 Before NIES, PAULINE NEWMAN and BISSELL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Joseph L. Shehan petitions for review of an arbitrator's decision, American Federation of Government Employees v. Department of Health and Human Services, No. KC-87-R-0001 (May 6, 1988), denying his grievance and sustaining his removal from his position as a Claims Representative by the Social Security Administration, Department of Health and Human Services. The agency removed Shehan for failing to make final decisions and failing to process redetermination decisions accurately and in a timely manner, therefore performing unsatisfactorily in a critical job element. We affirm.
 
 OPINION
 
 2
 Substantial evidence supports the arbitrator's finding that the agency proved the charges against Shehan. The evidence shows that Shehan's performance was satisfactory only following each of two Performance Improvement Periods (PIP); that Shehan relapsed to unsatisfactory performance after completing each PIP; that management gave Shehan detailed performance instructions, offered weekly conferences to discuss his performance (which he refused), and warned him of the consequences--including possible removal--of further relapse; and that Shehan failed to make progress between the goal dates set by management, although he conceded he was appraised of the importance of such progress.
 
 
 3
 Upon a consideration of the record, the arbitrator's detailed opinion, and all of Shehan's arguments, we must conclude that the arbitrator's decision that Shehan did not meet the agency's performance standards is supported by substantial evidence. See, e.g., Cornelius v. Nutt, 472 U.S. 648, 661 n. 16 (1985); Rogers v. Department of Defense Dependents Schools, 814 F.2d 1549, 1552-53 (Fed.Cir.1987). Accordingly, we affirm that decision.